UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLARENCE L. ARTIS, JR.,

       Plaintiff,

v.

| | |
|---|---|
| ADAM M. VALLS, Broome Cnty. Jail; C.O. PATRICIA KLEINSMITH; C.O. CONNERS; LT. HILL; JEFFREY KATEN, a/k/a Biggs; WILLIAM BROWN, a/k/a John Doe; MARK W. SMOLINSKY; SHERIFF HARDER; JOSEPH JELLICK, Broome Cnty. Jail; and Lt. JOHN DOE, Broome Cnty. Jail, | 9:10-CV-0427 (GTS/TWD) |

       Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CLARENCE L. ARTIS, JR., 10-B-0810<br> Plaintiff, *Pro Se*<br>Sing Sing Correctional Facility<br>354 Hunter Street<br>Ossining, New York 10562 | |
| HON. ROBERT G. BEHNKE<br>Broome County Attorney<br> Counsel for Defendants<br>Edwin L. Crawford County Office Building<br>P.O. Box 1766<br>Binghamton, New York 13902-1766 | AARON J. MARCUS, ESQ.<br>ROBERT B. BEHNKE, ESQ.<br>Assistant County Attorneys |

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

  Currently before the Court, in this *pro se* prisoner civil rights action filed by Clarence L. Artis, Jr. ("Plaintiff") against the ten above-captioned county correctional employees ("Defendants"), are the following: (1) Defendants' motion for summary judgment seeking dismissal of all of Plaintiff's claims; (2) United States Magistrate Judge Therese W. Dancks'

Report-Recommendation recommending that Defendants' motion be granted in part and denied in part, such that all of Plaintiff's claims are dismissed, except for his excessive-force claims against Defendants Valls and Jellick regarding the incident of March 15, 2010; (3) Plaintiff's objection to the Report-Recommendation; and (4) Defendants' objection the Report-Recommendation. (Dkt. Nos. 46, 49, 54, 55, 56.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted in part and denied in part; and all of Plaintiff's claims are dismissed, except for his excessive-force claims against Defendants Valls and Jellick pertaining to the incident of March 15, 2010.

I.   RELEVANT BACKGROUND

   A.   Plaintiff's Complaint

Plaintiff filed his Complaint in this action on April 12, 2010. (Dkt. No. 1.) Construed with the utmost of liberality, Plaintiff's Complaint alleges that he was subjected to excessive force and falsely charged with assault at the Broome County Correctional Facility ("BCCF") in four separate incidents occurring during the period of June 2008 to March 2010. (*See generally id.*)

More specifically, Plaintiff asserts the following five claims: (1) a claim that, on June 6, 2008, six correctional officers, including Defendants Hill and Katen, subjected him to excessive force in violation of the Eighth or Fourteenth Amendments;[1] (2) a claim that, on April 29, 2009,

---

[1] A Court analyzing a claim of excessive force under 42 U.S.C. § 1983 ("Section 1983") must first determine the "specific constitutional right allegedly infringed by the challenged application of force." *Graham v. O'Connor*, 490 U.S. 386, 393-94 (1989), *accord*, *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). There are three standards that might apply, "depending on when the alleged [excessive force] occurred." *Lemmo v. McKoy*, 08-CV-4264, 2011 WL 843974, at *4 (E.D.N.Y. Mar. 8, 2011). First, if the alleged force was used before arraignment, then Fourth Amendment standards apply. *Graham*, 490 U.S. at 394, *accord*, *Lemmo*, 2011 WL 843974, at *4; *see also Tribie v. Parwanta*, 10-CV-6016, 2012 WL 246619, at

Defendants Kleinsmith and Jellick falsely accused Plaintiff of inciting an assault on another inmate at BCCF, and Defendants Harder and Smolinsky falsely accused him of assaulting a known gang member and "supported and co-signed" the indictment against Plaintiff, subjecting him to malicious prosecution, false arrest, and/or a false misbehavior report, in violation of the Fourth Amendment and either the Fifth or Fourteenth Amendments (and possibly the First Amendment); (3) a claim that, as a result of the false accusations by Defendants Kleinsmith and Jellick arising from the incident of April 29, 2009, Defendant Brown wrongly found Plaintiff guilty of assault and sanctioned him to 45 days in the SHU, in violation of either the Fifth or Fourteenth Amendment; (4) a claim that, on July 24, 2009, after Defendants failed to protect Plaintiff from an attack by inmate Jacob Rogers, Defendants wrongfully found Plaintiff guilty of fighting in violation of the Eighth Amendment and either the Fifth or Fourteenth Amendments; and (5) a claim that, on March 15, 2010, Plaintiff was subjected to excessive force by Defendants Valls and Jellick in violation of the Eighth or Fourteenth Amendments. (*Id.*)

In addition, Plaintiff's Complaint alleges that his visitation rights were restricted on two, separate, unidentified occasions in violation of the First Amendment, and that Defendants

---

*7 (E.D.N.Y. Jan. 26, 2012); *Sloan v. Kraus*, 06-CV-5372, 2010 WL 3489397, at *10 (S.D.N.Y. Sept. 3, 2010). Second, if the alleged excessive force occurs post-arraignment, but before conviction, then Fourteenth Amendment standards apply. Third, if the alleged excessive force occurs after conviction, then Eighth Amendment standards apply. *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *see also Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009); *Lemmo*, 2011 WL 843974, at *4. Here, it is not clear from the record whether Plaintiff's allegations of excessive force occurred before arraignment, after arraignment but before conviction, or after conviction. (*See generally* Docket Sheet.) However, because Plaintiff does not dispute Defendants' argument that "portion[s] of the plaintiff's claims arose while he was a pretrial detainee" (Dkt. No. 46, Attach. 39 at 10), and Magistrate Judge Dancks' assumption that they arise after he was convicted (Dkt. No. 54, at n.12), the Court construes Plaintiff's excessive-force claims as arising under either the Fourteenth or Eighth Amendments. The Second Circuit has held that the legal standard for an excessive-force claim is the same under either the Fourteenth or Eighth Amendments. *U.S. v. Walsh*, 194 F.3d 37, 48 (2d Cir. 1999).

3

defamed Plaintiff by wrongfully accused him of being a rapist. (*Id.*)

For a more detailed recitation of Plaintiff's claims and supporting factual allegations, the Court refers the reader to the Complaint in its entirety, as well as Magistrate Judge Dancks' Report-Recommendation, which accurately summarize those allegations. (*Id.*; *see also* Dkt. No. 146 at Part I [Background].)

**B.    Defendants' Motion for Summary Judgment**

On April 1, 2011, Defendants filed a motion for summary judgment. (Dkt. No. 46.) Generally, in support of their motion, Defendants assert the following eight arguments.[2] (*See generally* Dkt. No. 46.) First, based on the four corners of the Complaint, Plaintiff's claims against Defendants Harder and Smolinksy should be dismissed due to their lack of personal involvement in the constitutional violations alleged. Second, based on the record evidence, Plaintiff's claims do not rise to the level of constitutional violations. Third, based on the record evidence, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity. Fourth, based on the record evidence, Plaintiff has failed to exhaust administrative remedies. Fifth, based on the record evidence, Plaintiff's claims against Defendants Jellick and Kleinsmith should be dismissed from the action because those Defendants had probable cause to prosecute Plaintiff. Sixth, based on the four corners of his Complaint, and in the alternative based on the record evidence, Plaintiff has failed to state or establish a claim for defamation. Seventh, based on the four corners of his Complaint, Plaintiff has failed to state any claims against Defendants Connors and Brown. Eighth, based on the four corners of his Complaint,

---

[2]    Although Defendants identify their motion as one for summary judgment, some of Defendants' arguments reflect a motion to dismiss for failure to state a claim. For this reason, the Court has specified whether Defendants' arguments rely on record evidence or merely the four corners of Plaintiff's Complaint.

4

Plaintiff is not entitled to punitive damages against the Broome County or the individual Defendants in their official capacities. (*Id.*)

  **C. Magistrate Judge Dancks' Report-Recommendation**

  On July 31, 2012, Magistrate Judge Dancks issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 54.) More specifically, regarding the incident of June 6, 2008, Magistrate Judge Dancks concluded that Plaintiff failed to exhaust his administrative remedies. (*Id.* at 11-14.) Regarding the incident of April 29, 2009, Magistrate Judge Dancks concluded that, although Plaintiff properly exhausted his administrative remedies, Defendants were entitled to summary judgment on all five of Plaintiff's claims arising out of the incident of April 29, 2009: (1) his claim of malicious prosecution against Defendant Kleinsmith (*id.* at 16-19); (2) his claim of false arrest against Defendant Kleinsmith (*id.*); (3) his claim of malicious prosecution against Defendants Harder and Smolinsky (*id.* at 19-21); (4) his claim of false arrest against Defendants Harder and Smolinsky (*id.*); and (5) his claim that Defendant Jellick issued him a false misbehavior report (*id.* at 21-23). Regarding the incident of July 24, 2009, Magistrate Judge Dancks concluded that Plaintiff failed to exhaust his administrative remedies. (*Id.* at 23-24.) Regarding the incident of March 15, 2010, Magistrate Judge Dancks concluded that (1) Plaintiff's failure to exhaust his administrative remedies was justified by special circumstances (*id.* at 24-26), and (2) the record evidence demonstrates that there is a genuine dispute of material fact as to whether Defendants Valls and Jellick applied force maliciously and sadistically against Plaintiff to cause him harm (*id.* at 26-29.) Regarding Plaintiff's claim that Defendants violated his First Amendment by restricting his visitation rights, Magistrate Judge Dancks concluded that Plaintiff failed to exhaust his administrative remedies. (*Id.* at 29.)

Regarding Plaintiff's claim against Defendants for defamation, Magistrate Judge Dancks concluded that Plaintiff's Complaint failed to state a claim because it contained only a cursory allegation of defamation. (*Id.* at 29-30.) Finally, Magistrate Judge Dancks recommended that Plaintiff's claims against Defendants Conners and Brown be dismissed from this action because Plaintiff's Complaint failed to allege facts plausibly suggesting that either of those two Defendants were personally involved in any of the constitutional violations alleged. (*Id.* at 30-31.)

### D. Plaintiff's Objection to the Report-Recommendation

On August 8, 2012, Plaintiff filed an objection to the Report-Recommendation. (Dkt. No. 55.) Liberally construed, Plaintiff's objection asserts the following two arguments: (1) Magistrate Judge Dancks erred by recommending the dismissal of his claims against Defendant Brown for lack of personal involvement, because Brown presided over the hearing in which he wrongfully determined Plaintiff was guilty of the assault charges arising from the incident of April 29, 2009 (*id.* at 1-2); and (2) Magistrate Judge Dancks erred by recommending that Plaintiff's claims arising from the incident of April 29, 2009, should be dismissed for failure to exhaust his administrative remedies, because he wrote "numerous letters [and] grievances of all sort[s]," which "just disappear[ed] as if nothing ever happened." (*id.* at 3).

### E. Defendants' Objection to the Report-Recommendation

On August 17, 2012, Defendants filed an objection to the Report-Recommendation. (Dkt. No. 56.) Generally, in support of their objection, Defendants argue that Magistrate Judge Dancks erred in concluding that Plaintiff's failure to exhaust his administrative remedies regarding the incident of March 15, 2010, was justified by special circumstances. (*Id.* at 2-5.) Defendants also argue that the Court should apply the rule arising from *Jeffreys v. City of New*

*York*, 426 F.3d 549 (2d Cir. 2005), which, according Defendants, instructs that, where the record evidence "'[is] so replete with inconsistencies and improbabilities' that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint." (*Id.* at 5-7 [quoting *Jeffreys*, 426 F.3d at 555].) More specifically, regarding the incident of March 15, 2010, Defendants argue that no reasonable factfinder could conclude that Defendants Valls and Jellick used force in an effort to maliciously and sadistically cause Plaintiff harm, because the incident reports arising from that incident establish that "the transport officers" used "'empty hands only' physical force against the plaintiff in order to control [him] . . . ." (*Id.* at 6.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3] When performing such a *de novo* review, "[t]he judge may . . . receive further

---

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[4] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[5] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,

8

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[7]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.  **Standard of Review Governing a Motion for Summary Judgment**

Magistrate Judge Dancks correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 54, at Part II.A.) As a result, that standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

C.  **Standard of Review Governing a Motion to Dismiss**

Magistrate Judge Dancks correctly recited the legal standard governing a motion to dismiss dismissal pursuant to 28 U.S.C. § 1915(g). (Dkt. No. 54, at Part II.B.) As a result, that standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

---

07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**III. ANALYSIS**

As explained above in Parts I.D. and I.E. of this Decision and Order, the parties specifically challenge only the following four portions of Magistrate Judge Dancks' Report-Recommendation: (1) her finding that Plaintiff's claims against Defendant Brown should be dismissed for lack of personal involvement; (2) her finding that Plaintiff's claims regarding the incident of July 24, 2009 should be dismissed for failure to exhaust to administrative remedies; (3) her finding that Plaintiff did exhaust his administrative remedies regarding the incident of March 15, 2010; and (4) her finding that admissible record evidence exists from which a rational factfinder could conclude that Defendants Valls and Jellick used force in an effort to maliciously and sadistically cause Plaintiff harm.

After carefully reviewing the relevant filings in this action, the Court can find no error whatsoever in these four portions of Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 54.) With regard to the remaining portions of the Report-Recommendation, not specifically challenged by the parties, Court can find no clear error in those portions. (*Id.*) As a result, Magistrate Judge Dancks' Report-Recommendation recommending dismissal of all of Plaintiff's claims, except his excessive-force claims against Defendants Valls and Jellick pertaining to the incident of March 15, 2010, is accepted and adopted in its entirety for the reasons stated therein. (*Id.*)

The Court would add only the following four brief points. First, the Court finds that those portions of Magistrate Judge Dancks' Report-Recommendation that Defendants did not specifically challenge would survive even a de novo review.

Second, in addition to agreeing with the Report-Recommendation's conclusion that all of Plaintiff's five claims arising from the incident of April 29, 2010, should be dismissed due to the absence of admissible record evidence creating a genuine dispute of material fact regarding those claims (Dkt. No. 54 at 16-23), the Court finds that those claims are properly dismissed on the alternative ground that Plaintiff failed to exhaust his administrative remedies with regard to them.

The administrative remedy procedure that Plaintiff used in writing Defendant Smolinsky (referred in the Report-Recommendation as the "Disciplinary Appeals Process") is available for prisoners who "are not satisfied with the actions of the disciplinary officer . . . ." (Dkt. No. 46, Attach. 7.) In other words, following a disciplinary hearing, a prisoner is permitted to appeal to the facility administrator (through the Disciplinary Appeals Process) if he is not satisfied with the outcome of that hearing. (*Id.*) This particular appeal mechanism is distinct from the prisoner grievance procedure, which is available to prisoners who "feel [they] have a legitimate grievance against the facility." (Dkt. No. 46, Attach. 21 at 1.)

Here, Plaintiff's claims arising out of the incident of April 29, 2010, are that Defendant Kleinsmith is liable for malicious prosecution and false arrest, Defendants Harder and Smolinsky are liable for malicious prosecution and false arrest, and Defendant Jellick is liable for issuing an alleged false misbehavior report. (*See generally* Dkt. No. 1 at 6-7; *see also* Dkt. No. 54, at 4-7, 16-23.) Based on the current record, no rational factfinder could conclude that Plaintiff exhausted his administrative remedies through the Disciplinary Appeals Process for the following two reasons: (1) Plaintiff failed to show that he reasonably believed that the disciplinary hearing (and appeal therefrom) was his *only available avenue* through which he could lodge these grievances; and (2) he has failed to show that he articulated and pursued these

11

grievances in the disciplinary hearing (and appeal) in a manner that afforded corrections officials the time and opportunity to *thoroughly investigate* those grievances. With regard to this last finding, it is important to note that a disciplinary appeal focuses on the actions of the disciplinary officer, not the actions of the individuals against whom a grievant has claims of false arrest and malicious prosecution. Rather, to be properly exhausted, the claims in question should have been, but were not, asserted and appealed through the prisoner grievance procedure.

Third, regarding the Report-Recommendation's finding that Plaintiff's failure to exhaust his administrative remedies regarding the incident on March 15, 2010, the Court would only add that the record evidence creates a genuine dispute of material fact as to whether Defendants would have accepted a grievance from Plaintiff had he sent one after he was transferred to Elmira Correctional Facility. If the record evidence clearly established that Defendants would have accepted and processed Plaintiff's grievance (rather than, for example, reject it as moot because he was no longer an inmate at BCCF), this would reveal that the administrative remedies at BCCF remained available to Plaintiff even after he was transferred to Elmira Correctional Facility.[8] However, although Defendants *argue* that Plaintiff should have sent a grievance to Defendants Smolinsky or Harder "probably . . . [by] sending the grievance by mail" from Elmira Correctional Facility, there is nothing in the record that clearly *demonstrates* that, had Plaintiff done what Defendants suggest, the grievance would have been accepted and processed. (Dkt. No. 46, Attach. 39 at 16-19; Dkt. No. 56 at 3-4.) This factual dispute persuades the Court that,

---

[8] This is true, in part, because the record evidence also demonstrates that Plaintiff was aware of the administrative procedures available to him at BCCF. In addition, the fact that Elmira Correctional Facility "said [to Plaintiff that] they had nothing to do with Broome County" does not suggest that *BCCF* would not have accepted and processed a grievance from Plaintiff for an incident arising while Plaintiff was a prisoner at BCCF.

12

based on the current record, a genuine dispute of material fact exists as to whether "special circumstances" exist justifying Plaintiff's failure to exhaust his administrative remedies through BCCF.[9]

Fourth, regarding Defendants' argument that, based on the record evidence, a reasonable juror would not conclude Defendants used excessive force against Plaintiff (Dkt. No. 56 at 5-7), the Court agrees with the Report-Recommendation's finding that Plaintiff's verified Complaint (which has the force and effect of an affidavit) creates a genuine dispute of material fact as to whether Defendants applied force maliciously and sadistically to cause harm on March 15, 2010. (Dkt. No. 54 at 27-28.) Although the Court acknowledges that the evidence suggesting that Defendants Valls and Jellick violated Plaintiff's constitutional right to be free from cruel and unusual punishment on these facts is slight, the Court is reminded that, because the facts demonstrating a genuine dispute of fact are based, in part, on the credibility of Plaintiff, such a dispute is more appropriately decided by a factfinder at trial. Defendants have not persuaded the Court that the prerequisites have been met for the Court to reject Plaintiff's sworn assertions as incredible, based on *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005).[10]

---

[9] As a result, this issue appears more appropriate for resolution at a pre-trial exhaustion hearing, to be conducted by the undersigned out of the presence of the jury, pursuant to *Messa v. Goord*, 652 F. 3d 305, 308-10 (2d Cir. 2011).

[10] "It is well established that issues of credibility are almost never to be resolved by a court on a motion for summary judgment." *Cruz v. Church*, 05-CV-1067, 2008 WL 4891165, at *4 & n. 6 (N.D.N.Y. Nov. 10, 2008) (Suddaby, J.) [emphasis in original; collecting cases]. However, "there is a narrow exception to this well-established rule." *Cruz*, 2008 WL 4891165, at *4 [citation omitted]. In *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir.2005), the Second Circuit explained that this narrow exception is for testimony by a non-movant that possesses the following two characteristics: (1) it constitutes almost the exclusive basis for a disputed issue of fact in the case (or, expressed differently, it is largely unsubstantiated by any other direct evidence); and (2) it is so lacking in credibility (because the testimony is incomplete and/or replete with inconsistencies and improbabilities) that, even after drawing all inferences in the light most favorable to the non-movant, no reasonable jury could find for the non-movant. *Cruz*, 2008 WL 4891165, at *4 & n. 7 [collecting cases]. "Again, it must be remembered that the

For all of these reasons, all of Plaintiff's claims are dismissed, except for his excessive force claim against Defendants Jellick and Valls regarding the incident of March 15, 2010.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 54) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 46) is **GRANTED in part and DENIED in part,** such that all of Plaintiff's claims are **DISMISSED** – **EXCEPT FOR** his excessive force claim against Defendants Jellick and Valls regarding the incident of March 15, 2010; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a final pretrial conference with counsel will be scheduled in this action, at which time the Court will schedule a jury trial for Plaintiff's excessive force claims against Defendants Jellick and Valls. Counsel are directed to appear at the final pretrial conference with settlement authority from the parties.

Dated: September 25, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

circumstances giving rise to this exception are rare." *Id*. & n. 7 [collecting cases].